**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISON**
**CASE NO: 1:18-CIV-21828 OTAZO-REYES**

**[CONSENT CASE]**

JULIETTE VELEZ,
MARIANELA MUNIZ, and
All other similarly situated under
29 U.S.C. § 216(b),

        Plaintiffs,

v.

BILLNET SOLUTIONS CORPORATION;
DIEGO MEDINA TORRES, individually;
MICHELLE FARIAS, individually;
CARLOS SUAREZ, individually;
ANDRES VELEZ, individually; and
JESSICA FUENTES, individually

        Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiffs JULIETTE VELEZ, MARIANELA MUNIZ, and PEGAN WEST (collectively "Plaintiffs") and Defendants BILLNET SOLUTIONS CORPORATION, DIEGO MEDINA TORRES, MICHELL FARIAS, CARLOS SUAREZ, ANDRES VELEZ, and JESSICA FUENTES, WEST (collectively "Defendants")(Plaintiffs and Defendants are collectively the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice in this Fair Labor Standards Act ("FLSA") case, with the Court reserving jurisdiction to enforce the terms of the settlement agreement, and in support jointly state the following:

1. On March 16, 2019, Plaintiffs Juliette Velez and Marianela Muniz filed their Complaint in Miami-Dade County Circuit Court against Defendants seeking overtime wage damages pursuant to the FLSA. This matter was later removed to this Honorable Court.

2. On July 2, 2018, an Order was entered granting Conditional Certification pursuant to the FLSA's collective action provisions. [DE 18]. Thereafter, opt-in Plaintiffs Pegan West, Bianca Oreck, and Alexandra Colby filed their Notices of Consent to Join.

3. On September 25, 2019, a mediation was held where Plaintiffs attended.[1] During the course of mediation, the Parties resolved all pending matters.

4. Defendants deny Plaintiffs' allegations of unpaid overtime. Defendants contend that they fully complied with the FLSA and that all wages were paid to Plaintiffs.

5. To avoid the costs and uncertainty of litigation, however, the Parties negotiated a settlement of this matter where, at all material times, both Plaintiffs and Defendants were represented by counsel.

6. A copy of the Parties' settlement agreement will be communicated to chambers for *in camera* review along with other supporting documentation set forth below. A proposed Order granting this Joint Motion will be filed simultaneously.

## MEMORANDUM OF LAW

### I. LEGAL FRAMEWORK

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the

---

[1] Opt-In Plaintiffs Alexandra Colby and Bianca Oreck did not attend mediation. The continued lack of contact by these opt-in Plaintiffs resulted in Plaintiffs' Counsel filing a Unopposed Motion to Withdraw. [DE 54]. This was Unopposed Motion was granted. [DE 55].

Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.")

## II.     THE OBSTACLES FACED BY PLAINTIFFS

Plaintiffs'' recovery in this matter is significant in light of the various legal barriers they would have to overcome to attain any financial recovery whatsoever.

### A. First Obstacle: The Possible Application Of The *De Minimis* Exemption.

As an initial matter, Defendants vehemently maintained that Plaintiffs, if there were any unpaid overtime wages were due and owing, that the amount would be *de minimus*. The Federal Regulations states,

> "In recording working time under the Act, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded. The courts have held that such trifles are de minimis. *Anderson* v. *Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946)"

*See* 29 C.F.R. § 785.47. As a result, and as indicated in Defendants' Response to Plaintiffs' Statement of claim [DE 14] it was very possible (and even likely) that the *de minimus* exemption would have barred *any* recovery in this matter. Plaintiffs gave significant weight to this possibility.

### B. Second Obstacle: The Possibility Of No Liquidated Damages.

Assuming Plaintiffs were able to evade the *de minimus* exemption, Plaintiffs would be met with another significant obstacle. Under the FLSA, "liquidated damages are mandatory absent a showing of good faith" by the employer. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (citation omitted). Even in the scenario where Plaintiffs receive a favorable verdict, "…the district court has discretion to reduce or deny liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*., 515 F.3d 1150, 1163 (11th Cir. 2008)). Here, Defendants presented evidence that could potentially result in this Court reducing or denying

liquidated damages. This would, in turn, further limit the scope of Plaintiffs' recovery by another fifty (50%).

### C. Third Obstacle: Establishing All Hours Worked

Last, there was a significant dispute in this case over the hours Plaintiffs worked during the relevant period. Unlike many other FLSA cases, there were question directed at the completeness and veracity of the time records establishing all hours worked. The question of compensable work hours would have come down to a question of credibility. The inherent uncertainty as to compensable work hours motivated the Parties to resolve this matter.

## III. PLAINTIFFS' RECOVERY

The foregoing legal and factual analysis explains why Plaintiffs were eager to accept the proposal that was ultimately memorialized through a Settlement Agreement. Plaintiffs ran a substantial risk of losing this case altogether. Had they lost, Plaintiffs would have faced an exposure of a cost judgment being entered against then. Even prevailing in this case may have meant the possibility of no liquidated damages. Moreover, if the jury was to follow Defendants' recitation of *potential* (through disputed) unpaid wages, it would have resulted in Plaintiffs receiving a very nominal amount of back wages compared to the amount initially sought. Through all of the challenges in this case, Plaintiffs were able to secure a resolution that was beneficial outcome under the circumstances. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiffs at all").

## III. PLAINTIFFS' ATTORNEYS' FEES AND COSTS

In a suit brought by employees under the FLSA, the Court must determine whether the settlement "is a fair and reasonable resolution." *See Lynn's Food.,* 679 F.2d at 1352-53. at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3)

the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.,* No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.,* 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).

### A. The Issue Of Attorneys' Fees And Costs Were Separately Negotiated.

Plaintiffs' attorneys' fees and costs were, at all times, negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "Plaintiffs' attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the Plaintiffs' recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

### B. The Compromised Attorneys' Fees.

As of this filing, Plaintiffs' counsel incurred significant attorneys' fees and costs. A detailed report containing every time and cost entry in this case will be separately e-mailed for *in camera* review. Plaintiffs' counsel settlement of their fees and costs represents a significant reduction in Plaintiffs' fees and costs.

### C. **The Lawyers Representing Plaintiff**.

Plaintiffs were represented by J. Freddy Perera, Esq., Brody Max Shulman, Esq. and Waynice Green-Musgrove, Esq. The curriculum vitae for each attorney will be separately e-mailed for *in camera* review.

As the Court will note, Mr. Perera is a partner at Perera Barnhart Aleman, graduated number one (1) in his law school, has a big firm background, a history of publications and lectures on employment issues, and has dedicated his entire career to the field of labor and employment law. Mr. Perera has handled hundreds of labor and employment matters and has served as a fee expert in this area. Hourly clients regularly pay $400.00 an hour for Mr. Perera's services.

Mr. Shulman is a partner at Perera Barnhart Aleman and has also dedicated his entire career to the field of labor and employment law. Mr. Shulman has handled hundreds of labor and employment matters and has served as lead counsel on many reported decisions. Hourly clients regularly pay $350.00 an hour for Mr. Shulman's services.

Mrs. Green-Musgrove is a senior associate at Perera Barnhart Aleman; she has dedicated virtually all of her career to the field of labor and employment law. Mrs. Green-Musgrove has handled hundreds of labor and employment matters. Hourly clients regularly pay $325.00 an hour for Mrs. Green-Musgrove's services.

A sample of documents showing the payment of the rates above will be separately e-mailed for *in camera* review. *See Mayson v. Pierce*, 806 F.2d 1556, 1557 (11th Cir. 1989) (noting that billing rates charged to other clients is evidence of the reasonable hourly rate).

Recently, the Honorable Magistrate Judge Alicia O. Valle granted a Joint Motion for Settlement Approval an FLSA matter and approved the hourly rates of $400.00 for J. Freddy Perera, Esq., $350.00 for Brody M. Shulman, Esq., and $325.00 for Waynice A. Green-Musgrove, Esq. *See Bolton v. Rock N Massage, Inc., et. al.*, case no.: 19-cv-60008-AOV (S.D. Fla. May 8, 2019).

7

Additionally, these hourly rates were also approved in the following FLSA matters: *Tina Giannola v. D&S Management Services, Inc.*, case no.: 0:19-cv-60754-RKA (S.D. Fla. 2019); *Ali Kordbacheh v. Bharti, Corp., et. al.,* case no.: 19-cv-80660-RLR (S.D. Fla. 2019); and *Jean Douze v. Bharti, Corp., et. al,.* case no.: 19-cv-80493-Middlebrooks (S.D. Fla. 2019).

Importantly, because of the reduction of fees in this case, the effectively hourly return by Plaintiffs' lawyers in this case will be significantly lower than their standard hourly rates.

### D. Analysis Of Various Factors

Counsel for the Parties note there is not existence of fraud or collusion in this matter. The settlement here is the negotiated result of an adversarial proceeding and mediation, which itself is an indication of its fairness.

This matter was not a straightforward FLSA matter, but rather, involved numerous legal and factual disputes. As stated *supra*, the factual and legal issues included the *de minimis* exemption, recordkeeping disputes, and good faith/liquidated damages issues. Moreover, issues regarding operational control would be heavily litigated if this matter did not resolve.

The settlement of this matter occurred at passed the halfway mark. Prior to mediation, the Parties had engaged in written discovery and oral discovery was underway.

Finally, counsel for both Parties agree this settlement is eminently fair and reasonable given the factual and legal disputes discussed in this Motion.

**WHEREFORE**, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement, (2) dismissing this action in its entirety with prejudice as to all Defendants, and (3) reserving jurisdiction to enforce the terms of the parties' Settlement Agreement.

Respectfully submitted on: November 27, 2019

| By: __/s/ *Brody M. Shulman* _____ | By: */s/ Virginia Lee Perez* |
|---|---|
| J. Freddy Perera, Esq.<br>Florida Bar No. 93625<br>freddy@pba-law.com<br>Valerie Barnhart, Esq.<br>Florida Bar No. 88549<br>Valerie@pba-law.com<br>Brody M. Shulman, Esq.<br>Florida Bar No. 92044<br>Brody@pba-law.com<br><br>**PERERA BARNHART ALEMAN**<br>12555 Orange Drive, Second Floor<br>Davie, Florida 33330<br>Telephone: 786-485-5232<br>*Counsel for Plaintiffs* | Virginia Lee Perez, Esq.<br>Florida Bar No. 85266<br>vperez@sgarcialaw.com<br>senen@sgarcialaw.com<br>office@sgarcialaw.com<br><br><br><br><br><br><br>**LAW OFFICE OF SENEN GARCIA, P.A.**<br>2665 S. Bayshore Dr., Ste 220<br>Coconut Grove, FL 33133<br>Telephone: (305) 606-6139<br>Fax: (305) 856- 0622<br>*Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 27, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Brody M. Shulman*
Brody M. Shulman, Esq.